IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD M. BIRD, et al., | No. 2:18-cv-0974-MCE-CMK |
| Plaintiffs, | |
| vs. | <u>FINDINGS AND RECOMMENDATION</u> |
| BROWN, et al., | |
| Defendants. | |
| _____/ | |

        Plaintiffs/petitioners, proceeding pro se, brings this civil action. Pending before the court is defendants'/respondents' motion to dismiss (Doc. 10). Plaintiffs/petitioners filed an opposition to the motion (which they termed a motion to negate) (Doc. 13), and defendants/respondents filed a reply. A hearing on the motion to dismiss was held on August 15, 2018, before the undersigned in Redding, California. Deputy Attorney General Nelson R. Richards appeared on behalf of defendants/respondents. There was no appearance by plaintiffs/petitioners or anyone on their behalf.

/ / /

/ / /

## I. BACKGROUND

Plaintiffs/petitioners[1] filed this action against California Governor Jerry Brown and California Attorney Xavier Becerra. Docketed as a Civil Rights action, the complaint filed is a petition for writ of mandamus. Petitioners seek to force the respondents to abide by their oath and "be ordered to support, defend and adhere to the United States Constitution . . . ."

There are limited facts alleged in the petition. It appears the petitioners are attempting to force the respondents to enforce immigration laws. However, it is unclear what immigration laws the petitioners are referring to, or how the respondents are not abiding by their oath. From the responding papers, it also appears petitioners are referring to an old case Mr. Bird filed against Home Depot regarding the treatment of veterans in the store. It appears Mr. Bird may have filed grievances and requests for the Attorney General to investigate his allegations against Home Depot, and Mr. Bird was not satisfied with the Attorney General's response to his requests.

## II. MOTIONS TO DISMISS

Respondents brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the court lacks jurisdiction over this matter because petitioners lack standing and because the petition raises a non-justiciable political question.

In the response to the motion, petitioners seem to argue that they are not required to have standing because that term was not commonly used until the middle of the 19th century. In addition, they demand their issues be heard, including whether the oath taken by the Attorney General was the entire oath, the Attorney General has a duty to investigate all complaints, and the veracity of the Attorney General. They do not, however, actually address either the lack of jurisdiction or the justiciablity of a political question case.

---

[1] The undersigned will herein refer to the defendants/respondents as respondents and plaintiffs/petitioners as petitioners as the original pleading in this matter is a petition for writ of mandamus.

Federal courts are courts of limited jurisdiction. That limited jurisdiction includes cases involving diversity of citizenship, a federal question, or to which the United States is a party. It is presumed that federal courts are without jurisdiction over civil actions "and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 376 (1994) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)). Jurisdiction must generally be determined prior to a federal court considering a case on its merits. See United States v. Larson, 302 F.3d 1016, 1019 (9th Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

The federal courts' authority to issue extraordinary writs, including writs of mandamus, derives from the All Writs Act, 28 U.S.C. § 1651(a). Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions . . . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).

Here, it is clear that petitioners are requesting this court issue an order to compel a state officer to perform a duty. However, this court lacks the jurisdiction to issue such an order. This court is limited in its jurisdiction to grant writs of mandamus to compel officers of the United States to perform a duty. Petitioners offer no basis for this court to issue similar orders compelling state officers.

In addition, as the respondents argue, cases which raise political issues similar to petitioners' issues as to whether the defendants are violating their oaths of office and failing to enforce laws, have been dismissed for lack of jurisdiction. See Baker v. Carr, 369 U.S. 186, 217 (1962); Sadowski v. Bush, 293 F.Supp.2d 15, 19-20 (D.D.C. 2003). The issues raised in this

case are similar, and this court lack jurisdiction over these type of political question cases.

### IV. CONCLUSION

Based on the facts alleged, and the discussion above, this court lacks jurisdiction to adjudicate petitioners' claims.

Based on the foregoing, the undersigned recommends that:

1. Defendants/respondents' motion to dismiss (Doc. 10) be granted;
2. This action be dismissed for lack of jurisdiction; and
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE